ASSISE, PLAINTIFF AND RESPONDENT, v. CURET, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in in an Action for Divorce.

No. 1314.—Decided June 4, 1915.

EVIDENCE—CIVIL REGISTER—RECORD·OF BIRTH.—There is no provision either in the Civil Code or in the Law of Evidence that the record of birth in the civil register must always be the only evidence of the age of a person. Moreover, section 320 of the code, in prescribing that the records in the registry shall be evidence of the civil status, provides that other evidence may be admitted when such records have never existed or the books of the registry have disappeared or a litigation is instituted before the courts.

ID.—ID.—OBJECTION—WAIVER—RECORD OF BIRTH.—When no objection is made by one party to the admission of testimony as to the age of the adverse party, he is held to have waived the admission of other and better evidence, such as a certificate of the record of birth in the civil register.

ID.—OBJECTION.—Any probatory testimony may be considered by the court if no objection is made to its admission.

Id.—Oral Testimony—Documentary Evidence—Construction of Law.—Section 1216 of the Civil Code providing that the testimony of witnesses shall be weighed by the courts in accordance with the provisions of the Code of Civil Procedure, care being taken to avoid that by the simple agreement of some witnesses, unless their truthfulness be evident, matters may be finally decided which are usually required to be proven by instruments, private documents or other written evidence, is not really of a mandatory but rather of a directory character.

The facts are stated in the opinion.

*Messrs. Rafael López Landrón* and *Juan Gregory* for the appellant.

*Mr. Eugenio Benítez Castaño* for the respondent.

Mr. Chief Justice Hernández delivered the opinion of the court.

This is an appeal by defendant José Curet from a judgment rendered by the District Court of San Juan, Section 1, on December 10, 1914, dissolving the marriage contracted by the said defendant with the plaintiff, Gloria Assise, with the costs.

In the complaint filed on April 23, 1914, and amended on July 14 of the same year, it is alleged that the plaintiff and the defendant contracted civil marriage on April 8, 1914, before the Municipal Court of San Juan when the plaintiff was only fourteen years of age, and that they had never lived together or had carnal intercourse.

The case went to trial and the court found that the allegations of the complaint were proven and therefore rendered the judgment appealed from.

The appeal is based on the ground that only parol evidence of the age of the plaintiff was introduced at the trial and that it was insufficient to prove her incapacity to contract matrimony, pursuant to subsection 3 of section 131 of the Civil Code, it being alleged that sections 320, 1186 and 1216 were violated.

In the statement of the case both parties consider it proved that the parol testimony showed that the plaintiff was only fourteen years of age when she contracted marriage with the

defendant, one of the witnesses being the mother, María Assise, who testified that her daughter was baptized on June 20, 1900, eight days after she was born.

No objection was made to the said testimony.

We do not find any statutory provision either in the Civil Code or in the Law of Evidence to the effect that the record of birth in the civil register must always be the only evidence of the age of a person; and section 320 itself, which the appellant claims has been violated, in prescribing that the records in the registry shall be evidence of the civil status, provides that other evidence may be admitted when such records have never existed, or the books of the registry have disappeared, or when a litigation is instituted before the courts.

It does not devolve upon us to consider and decide in the present case whether the best evidence of the age of the plaintiff would have been a certificate of the record of her birth in the proper civil register, for it does not appear that the defendant made any objection to the testimony of the witnesses on this point, and we are absolutely ignorant as to whether such certificate could have been produced. See our decisions in the cases of *The People* v. *De Jesús,* 18 P. R. R., 575, and *The People* v. *Vega,* 20 P. R. R., 283.

Any probatory testimony may be considered by the court if no objection is made to its admission. *Falero et al.* v. *Falero,* 15 P. R. R., 111. Therefore, it cannot be held that section 320 of the Civil Code was violated.

Section 1216, which the appellant claims was also violated and which provides that ''The force of proof of depositions of witnesses shall be weighed by the courts in accordance with the provisions of the Law of Civil Procedure, taking care to avoid that, by the simple coincidence of some depositions, unless their truthfulness be evident, the affairs may be finally decided in which instruments, private documents, or any basis of written evidence are usually made use of,'' is not really of a mandatory, but rather of a directory, character according to a decision of the Supreme Court of Spain of March

30, 1896, construing article 1248 of the Spanish Civil Code, which is the same as section 1216 of our Revised Code.

Section 1286, providing that public instruments are evidence, even against a third person, of the fact which gave rise to their execution and of the date thereof, and also against the contracting parties and their legal representatives with regard to the declarations the former may have made therein, is submitted to our consideration apparently to show the inadmissibility of the evidence adduced at the trial with regard to the age of the plaintiff as against·what is stated about her age in the record of her marriage with José Curet. The said section is not applicable to the present case in which the very question at issue is the real age of Gloria Assise.

The judgment appealed from should be

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.